**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH M. LEWIS,<br><br>    Petitioner,<br><br>    v.<br><br>ATTORNEY GENERAL OF NEW JERSEY,<br><br>    Respondents. | Civil Action No. 13-2832 (JBS)<br><br>**OPINION** |

**APPEARANCES:**

    KENNETH M. LEWIS
    1575 Chadwick Point Ct.
    Lawrenceville, GA 30043
        *Petitioner Pro Se*

    BERGEN COUNTY PROSECUTOR
        By: Catherine A. Foddai, Assistant Prosecutor
    Bergen County Justice Center
    Hackensack, NJ 07601
        *Attorneys for Respondents*

**SIMANDLE, Chief Judge**[1]

    Kenneth M. Lewis filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Bergen County, on June 11, 2004, after a jury found him guilty of attempted theft by

---

[1] This case was reassigned to the undersigned following the death of the Hon. Dickinson R. Debevoise in August, 2015.

deception, theft of identity, utilization of false government documents (a driver's license), and fraudulent use of credit cards. The State filed an Answer and the state court record, arguing that the Court lacks jurisdiction, the Petition is barred by the statute of limitations and Petitioner is not entitled to habeas relief. After carefully reviewing the arguments of the parties and the state court record, this Court will dismiss the Petition for lack of jurisdiction because Petitioner was not in custody under the challenged judgment at the time he filed the Petition and deny a certificate of appealability.

## I.  BACKGROUND

After a trial, a jury sitting in the Superior Court of New Jersey, Law Division, Bergen County, found Petitioner guilty of third-degree attempted theft by deception, third-degree theft of identity, fourth-degree utilization of false government documents (a driver's license), and third-degree fraudulent use of credit cards. On June 11, 2004, the trial judge sentenced him to an aggregate four-year term of imprisonment. On July 25, 2005, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and sentence. See State v. Lewis, Docket No. A-0049-04T4 slip op. (N.J. Super. Ct., App. Div., July 25, 2005) (ECF No. 12-5 at 59.). The New Jersey Supreme Court denied

certification on June 13, 2006.  See State v. Lewis, 187 N.J. 492 (2005) (table).

Lewis filed a pro se petition for post-conviction relief in the trial court April 5, 2010.  (ECF No. 12-5 at 68, 145.)  On February 9, 2011, the trial court denied post-conviction relief. Lewis appealed, and on June 25, 2012, the Appellate Division affirmed.  See State v. Lewis, 2012 WL 2368795 (N.J. Super. Ct., App. Div., June 25, 2012).  The New Jersey Supreme Court denied certification on December 13, 2012.  See State v. Lewis, 212 N.J. 463 (2012) (table).

On April 26, 2013, Lewis signed the § 2254 Petition and presumably handed it to prison officials for mailing to the Clerk.[2] The Petition raises the following grounds:[3]

> Ground One:  THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE.
>
> Ground Two:  THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS

---

[2] Lewis was incarcerated on an unrelated offense at Lieber Correctional Institution in Ridgeville, South Carolina, at the time he filed the Petition.

[3] The Court notified Lewis of his right to amend the Petition to include all available federal claims in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and he declined to do so. (ECF No. 3.)

3

      HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.

      Ground Three:  THE TRIAL COURT ERRED BY DENYING THE DEFENDANT'S PCR, IN PART, UPON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-12 (STATUTE OF LIMITATIONS).

(ECF No. 1 at 6, 8, 9.)

Respondent filed the state court record and an Answer arguing that the Court lacks jurisdiction over the Petition because Petitioner was not in custody when he filed it, the Petition is barred by the one-year statute of limitations, and Petitioner is not entitled to habeas relief on the merits.  (ECF No. 12.)

## II.  DISCUSSION

**A.  Jurisdiction**

Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  To invoke habeas corpus review under § 2254, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States.  See Maleng

4

v. Cook, 490 U.S. 488, 490 (1989); see also Keitel v. Mazurkiewicz, 729 F.3d 278 (3d Cir. 2013).  The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998); Government of Virgin Islands v. Vanterpool, 767 F.3d 157, 163-164 (3d Cir. 2014).

The threshold question in this case is whether Mr. Lewis satisfies the "in custody" requirement with respect to the challenged 2004 conviction resulting in a four-year term of imprisonment that, according to Respondent and the New Jersey Department of Corrections, fully expired on June 26, 2006.  (ECF No. 12-9.)  The answer to this question is no.  Mr. Lewis's four-year sentence expired on June 26, 2006, almost seven years before he filed his § 2254 Petition under the mailbox rule on April 26, 2013.  (ECF No. 1 at 16.)  Because Mr. Lewis was not "in custody" as a result of the 2004 New Jersey conviction at the time he filed his habeas petition challenging that conviction, this Court lacks jurisdiction over his habeas petition under § 2254.[4]  See Maleng,

---

[4] While collateral consequences may avoid mootness of a habeas petition where the petitioner was in custody at the time he filed the petition but released from custody on the challenged conviction after the petition was filed, collateral consequences of the

490 U.S. at 490-92; Vanterpool, 767 F.3d at 163 ("The Supreme Court has interpreted the statutory language under § 2254 as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*) (emphasis in original) (citation and internal quotation marks omitted); Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) ("While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed."); Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) ("In making a custody determination, [federal courts look] to the date that the habeas petition was filed.") (quoting Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997)).  This Court will dismiss the Petition for lack of jurisdiction.

**B.   Certificate of Appealability**

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless

---

conviction are not sufficient to satisfy the "in custody" requirement where the sentence expired before the filing of the petition.  See Spencer, 523 U.S. at 7-8; Maleng, 490 U.S. at 492; Obado, 328 F.3d at 718 n.2.

a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.  CONCLUSION

This Court dismisses the Amended Petition for lack of jurisdiction and denies a certificate of appealability.

**February 22, 2016**               **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge